IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION


TAMARA L. RIVERS,                    §
                                     §
            Plaintiff,               §
                                     §
VS.                                  §   NO. 4:04-CV-539-A
                                     §
JO ANNE B. BARNHART,                 §
COMMISSIONER OF SOCIAL               §
SECURITY ADMINISTRATION,             §
                                     §
            Defendant.               §


MEMORANDUM OPINION
and
ORDER

     Came on for consideration the above-captioned action wherein

Tamara L. Rivers is plaintiff and the Commissioner of Social

Security, currently Jo Anne B. Barnhart, is defendant.  On August

9, 2005, the United States Magistrate Judge issued his proposed

findings, conclusions, and recommendation,[1] and granted the

parties until August 30, 2005, in which to file and serve any

written objections thereto.  By order signed August 26, 2005, the

court gave plaintiff an extension to September 29, 2005, for the

filing of her objections.  On September 29, 2005, plaintiff filed

her objections, and on October 28, 2005, defendant responded to

the objections.

_____

     [1] Citations to the proposed findings, conclusions, and
recommendation issued by the United States Magistrate Judge will
be "FC&R."

I.

## Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of

credible choices" or "no contrary medical evidence."  <u>Johnson v.</u>
<u>Bowen</u>, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing <u>Hames v.</u>
<u>Heckler</u>, 707 F.2d 162, 164 (5th Cir. 1983)).

    Once the magistrate judge has issued his proposed findings,
conclusions, and recommendations, and the plaintiff has made
objections thereto, the district judge makes a <u>de novo</u>
determination of those portions of the magistrate judge's
specified proposed findings or recommendations to which objection
is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The
court now makes that determination in the context of the basic
principles mentioned above.

II.

<u>Plaintiff's Objection and Ruling Thereon</u>

    Plaintiff made only one objection to the FC&R.  She objects
that:

> The [administrative law judge's] finding that
> [plaintiff] can perform her past relevant work as a
> receptionist is inconsistent with his mental residual
> functional capacity finding that [plaintiff] is
> "limited to tasks requiring contact with people only
> incidental to work performed" and, thereby, is
> unsupported by substantial evidence.

Pl.'s Objections at 1.

    The argument urged by plaintiff in support of her objection
is predicated entirely on imaginative use of dictionary
definitions of the word "incidental" to create what plaintiff
perceives to be a technical inconsistency between the assessment
of the administrative law judge ("ALJ") of plaintiff's mental
residual functional capacity ("RFC") and his finding as to the

3

mental demands of plaintiff's past work as a receptionist.  The
ALJ's assessment of plaintiff's mental RFC was as follows:

> At all times relevant to this decision, the claimant
> . . . had the following non-exertional limitations:
> she is limited to non-complex tasks in a routine
> setting and she is limited to tasks requiring contact
> with people only incidental to work performed.

Tr. at 17, ¶ 6.  His finding as to the mental demands of
plaintiff's past relevant work as a receptionist was as follows:

> Contact with the public is only incidental to the
> client base in the office where the work is performed.

Id. at 16.

After having made a close study of the assessments and
findings of the ALJ, the court has concluded that the
inconsistency perceived by plaintiff is nonexistent.  The ALJ
quite consistently concluded that plaintiff's mental RFC included
the ability to appropriately interact with people with whom she
would be in contact incidental to her work as a receptionist.
The ALJ properly matched up the people-contact mental RFC of
plaintiff with the people-contact demands of plaintiff's past
relevant work as a receptionist.  The court declines to accept
plaintiff's distortions, based on selected dictionary
definitions, of the ALJ's assessment and finding.

III.

Conclusion and Order

For the reasons stated above, the objection of plaintiff is without merit.  Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations. Consistent therewith,

The court ORDERS that the Commissioner's decision that plaintiff did not qualify for a period of disability and disability insurance benefits be, and is hereby, affirmed.

SIGNED January 3, 2006.


____/s/ John McBryde_____
JOHN McBRYDE
United States District Judge